# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HDDA, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>DEEPAK PATEL, *et al.*,<br><br>    Defendants. | Case No. 3:25-mc-00007-SLG |

### ORDER ON REQUEST FOR ISSUANCE OF WRIT OF EXECUTION

Before the Court at Docket 2 is Plaintiff HDDA, LCC's Request for Issuance of Writ of Execution.

On April 12, 2024, the United States District Court for the Northern District of Georgia issued a judgment against Defendants Deepak Patel, Pushpaben Patel, Jordan Haas, June Haas, Kunal Mody, Crystal Patel, Ramesh Mody, and Smita Mody (collectively, "Defendants"). The court ordered that Plaintiff HDDA, LCC "have and recover . . . the amount of $33,341,974.41, consisting of principal in the amount of $26,197,933.79, unpaid interest accruing at the non-default rate (through April 4, 2024) in the amount of $2,313,788.34, unpaid interest accruing at the default rate (through April 4, 2024) in the amount of $1,533,045.37, late fees in the amount of $46,184.48, deferred interest in the amount of $27,625.21, and statutory attorneys' fees pursuant to O.C.G.A. § 13-1-11 in the amount of $3,026,912.72," plus interest "accru[ing] from April 5, 2024 through [April 12, 2024]

at the *per diem* rate of $8,064.96" and "thereafter accru[ing] at the federal post-judgment rate."[1] Thereafter, on March 18, 2025, the Northern District of Georgia granted in part Plaintiff's Motion to Allow Registration of Judgment in a Foreign Jurisdiction, permitting Plaintiff to register the April 12, 2024, judgment in four federal districts "represent[ing] places where one or more of Defendants live or have lived," including the District of Alaska.[2] The Clerk of Court for the Northern District of Georgia certified the April 12, 2024 judgment to be registered in another district on April 2, 2025,[3] and, on April 14, 2025, Plaintiffs registered the judgment in this judicial district. Plaintiff HDDA, LLC now requests the issuance of a writ of execution to enforce the April 12, 2024 judgment in this district.[4]

28 U.S.C. § 1963 permits the registration of one federal district court's money judgment in another federal district court.[5] "A judgment so registered shall

---

[1] Docket 1-1 at 1–2.

[2] Docket 1-1 at 3.

[3] Docket 1.

[4] Docket 66-1 at 1.

[5] 28 U.S.C. § 1963 provides in full:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. Such a judgment entered in favor of the United States may be so registered any time after judgment is entered. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

Case No. 3:25-cv-00007-SLG, *HDDA, LLC v. Patel, et al.*
Order on Request for Issuance of Writ of Execution
Page 2 of 5

have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner."[6] Because the judgment has been registered in this district, and because Federal Rule of Civil Procedure 69 provides that "the procedure on execution . . . must accord with the procedure of the state where the court is located," Alaska state law provides the procedures for the issuance of the writ of execution in this case.[7]

Chapter 35 and Chapter 38 of Title 9 of the Alaska Statutes, along with Alaska Civil Rule 69, govern execution procedure in Alaska. These provisions impose different procedural requirements for attempts to execute on different categories of property, such as a debtor's earnings, debtor's property, personal property subject to value limitations under the Alaska statutes, or the debtor's Alaska Permanent Fund Dividend (PFD).[8] A proposed writ of execution must comport with Alaska Statute § 09.35.030.

---

> A certified copy of the satisfaction of any judgment in whole or in part may be registered in like manner in any district in which the judgment is a lien.
>
> The procedure prescribed under this section is in addition to other procedures provided by law for the enforcement of judgments.

[6] 28 U.S.C. § 1963.

[7] *See Gullet v. Gullet*, 188 F.2d 719 (5th Cir. 1951) (a money judgment rendered by a district court and registered in another district, as permitted by 28 U.S.C. § 1963, is enforceable in the latter district as provided by state laws in the district of registration); Fed. R. Civ. P. 69(a)(1) ("A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.").

[8] *See* Alaska Stat. §§ 09.35.010 *et seq.*, 09.38.010 *et seq.*

Case No. 3:25-cv-00007-SLG, *HDDA, LLC v. Patel, et al.*
Order on Request for Issuance of Writ of Execution
Page 3 of 5

Plaintiff's Request for Issuance of Writ of Execution does not specify the type of writ requested or the property to be executed upon. Hence the Court cannot fully assess the deficiencies in Plaintiff's proposed writ. At the very least, however, Plaintiff's proposed writ of execution lacks the directives required by Alaska Statute § 09.35.030, and Plaintiff has not filed the required instructions for service. Plaintiff must file with the Court the applicable Writ Request Packet, as outlined in the Alaska Court System's Judgment Creditor Booklet, available at https://public.courts.alaska.gov/web/forms/docs/civ-550.pdf. Additional forms may need to be filed with the Court depending on the type of property to be seized.[9] The Court encourages the exclusive use of the forms available through the Alaska Court System, and Plaintiff must use the appropriate Alaska State Court forms for the papers required to be served on the judgment debtors.[10]

Accordingly, Plaintiff HDDA, LLC's Request for Issuance of Writ of Execution is DENIED without prejudice. Plaintiff HDDA, LLC may file the applicable Writ Request Packet including a revised writ of execution and service instructions for the Clerk of Court.

---

[9] For example, to levy the property of an individual, the creditor must "file with the court from which the process issued an affidavit stating that the creditor has reason to believe the individual has property that is not exempt, identifying the property, and stating facts constituting the basis for that belief." Alaska Stat. § 09.38.080(b). The creditor's affidavit must be filed "before, at the time of, or within three days after" seizure of the property. *Id.*

[10] Alaska R. Civ. P. 69(g)(2) ("The judgment creditor must use forms authorized by the administrative director for the papers required to be served on the judgment debtor, including the creditor's affidavit, the notices, the claim of exemption form, and the judgment debtor booklet.").

Case No. 3:25-cv-00007-SLG, *HDDA, LLC v. Patel, et al.*
Order on Request for Issuance of Writ of Execution
Page 4 of 5

DATED this 2nd day of May 2025, at Anchorage, Alaska.

                                                */s/ Sharon L. Gleason*
                                                UNITED STATES DISTRICT JUDGE

Case No. 3:25-cv-00007-SLG, *HDDA, LLC v. Patel, et al.*
Order on Request for Issuance of Writ of Execution
Page 5 of 5